IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00290-CR

 

Jeremy Paul Carrell,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the County Court at Law

Walker County, Texas

Trial Court No. 06-1563

 



ABATEMENT ORDER










 

            Appellant’s
brief is overdue in this appeal.  

 

            Therefore, we abate this appeal to the
trial court to conduct a hearing within 30 days of the date of this Order
pursuant to Texas Rule of Appellate Procedure 38.8(b)(2) and (3).  Tex. R. App. P. 38.8(b)(2), (3).

            Supplemental Clerk’s and Reporter’s
Records are ordered to be filed within 45 days of the date of this Order.  See
id.

 

                                                                        PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
abated

Order
issued and filed March 19, 2008

Do
not publish






ot" to a conviction for riot. See Tex. Penal Code Ann. §
42.02 (Vernon 1989). We deny his motion.
      Cervantes' indictment reads:
did then and there knowingly and intentionally participate in an assemblage of seven or more
persons, and did then and there while so assembled and acting together create an immediate
danger of damage to property and injury to persons, and person or persons engaged in said
riot did then and there commit the offense of murder of an individual, to-wit: Donovan
Ingram, and said offense was in the furtherance of the purpose of the assembly and should
have been anticipated as a result of the assembly....
      The offense of riot carries the same classification as any offense of a higher grade committed
by anyone engaged in the riot if the higher-grade offense was in furtherance of the purpose of the
assembly or should have been anticipated as a result of the assembly. See id. § 42.02(f). 
Cervantes was indicted for the offense of riot for intentionally and knowingly participating in an
assemblage of seven or more persons, who while assembled and acting together, created an
immediate danger of damage to property and injury to persons. See id. § 42.02(a), (b). The
murder was alleged only for the purpose of raising the classification of a riot conviction to the
same classification as a murder conviction. See id. § 42.02(f).
      The application paragraph of the charge correctly required the jury to find all of the elements
of the offense of riot. It further required the jury to find that a murder was committed in
furtherance of the riot, which should have been anticipated as a result of the riot. The charge
authorized the jury to find Cervantes guilty of "murder in the course of a riot." The verdict form
provided for the jury read: "We, the jury find the defendant, Mario Cervantes, guilty of the
offense of murder during the course of a riot as charged in the indictment." 
      Although we do not approve of this charge or the verdict form, we do not find that the court's
mischaracterization of the name of the offense is of any consequence. 
        The evidence shows that Cervantes knowingly participated in a riot as set forth in the
indictment. The evidence further shows that a murder was committed in furtherance of the riot,
which should have been anticipated as a result of the riot. In fact, Cervantes himself stabbed the
deceased in the course of the riot. Our reformation of the judgment to find Cervantes guilty of
riot as alleged in the indictment is correct. We deny the motion for rehearing. 
 
 
                                                                                     BILL VANCE
                                                                                           Justice
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Rehearing denied
Opinion delivered and filed April 29, 1992
Do not publish